IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-198-D-2
No. 5:16-CV-324-D

| | |
|---|---|
| ELIZABETH MARRERO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 6, 2016, Elizabeth Marrero ("Marrero") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct her 132-month sentence [D.E. 95]. On November 4, 2016, Marrero filed a motion for a sentence reduction under 18 U.S.C. § 3582 and Amendment 794 [D.E. 100]. On December 5, 2016, the government moved to dismiss Marrero's section 2255 motion [D.E. 104] and filed a memorandum in support [D.E. 105]. On December 12, 2016, Marrero filed a supplemental section 2255 motion [D.E. 107]. On December 27, 2016, Marrero filed a motion to consolidate her post-sentencing motions [D.E. 108]. As explained below, the court grants the government's motion to dismiss, dismisses Marrero's section 2255 motions, and denies Marrero's section 3582 motion.

I.

On November 10, 2014, pursuant to a plea agreement, Marrero pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and a quantity of heroin (count one) and to possession of a firearm in furtherance of a drug-trafficking crime and aiding and abetting (count four). See [D.E. 38, 65, 114]. On June 25, 2015, at Marrero's sentencing hearing, the court calculated Marrero's total offense level to be 29, her criminal history category to

be I, and her advisory guideline range to be 120 months' imprisonment on count one and 60 months' consecutive imprisonment on count four. See Sentencing Tr. [D.E. 115] at 5–6. After granting the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Marrero to 120 months' imprisonment on count one and 12 months' consecutive imprisonment on count four. See id. at 6–7, 13–18. Pursuant to the plea agreement, the court dismissed counts two and three. See id. at 16. Marrero did not appeal.

On June 6, 2016, Marrero filed her section 2255 motion [D.E. 95]. On December 12, 2016, Marrero filed an amended section 2255 motion [D.E. 107]. In her motion and amended motion, Marrero makes three claims: (1) ineffective assistance of counsel because defense counsel failed to argue that count four was invalid due to Marrero's firearm "being registered and purchased long before date of offense"; (2) the court improperly failed to give Marrero acceptance of responsibility at sentencing; and, (3) ineffective assistance of counsel during sentencing due to the flat fee that counsel who represented Marrero in state court charged Marrero, which created a conflict of interest. See [D.E. 95] 4–7; [D.E. 107] 4; [D.E. 107-1] 6–9.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a claim's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982);

2

United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Marrero's claims that the court improperly failed to give Marrero acceptance of responsibility at sentencing, Marrero's plea agreement contains an appellate waiver. See [D.E. 38] ¶ 2(c). In the waiver Marrero agreed

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Marrero's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Marrero's claim concerning acceptance of responsibility falls within the appellate waiver. Thus, the waiver

3

bars the claim.

Alternatively, Marrero failed to raise this claim on direct appeal. Thus, the general rule of procedural default bars Marrero from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Marrero has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which she now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Accordingly, the claim fails.

Alternatively, Marrero cannot use section 2255 to attack retroactively her advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); Mikalajunas, 186 F.3d at 495–96. Thus, the claim fails.

Alternatively, Marrero did receive acceptance of responsibility at sentencing. See PSR [D.E. 47] ¶¶ 45–46; [D.E. 66] 1; Sentencing Tr. at 5–6. Thus, the claim fails.

As for Marrero's ineffective-assistance claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 133, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is

4

a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Marrero must show that her attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a party claims that her counsel's deficient performance deprived her of a trial by causing her to plead guilty, "the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and insisted on going to trial." Lee v. United States, 137 S. Ct. 1958, 1965 (2017) (quotation omitted).

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. When analyzing an ineffectiveness claim, a court may rule based on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Marrero's ineffective-assistance claim that counsel failed to argue that count four was

5

invalid due to Marrero's firearm being registered and purchased long before the date of the offense and not being at the place of the offense, this court conducted a thorough Rule 11 hearing before Marrero pleaded guilty. See Rule 11 Tr. [D.E. 114]. During that Rule 11 hearing, Marrero swore that she understood the charges in the indictment, including counts one and four, the penalties for the charges, and her rights under the Constitution and laws of the United States. See id. at 13–20, 23–24. Marrero also swore that she understood the sentencing process, that any sentencing estimate from any source was not binding on the court, and that the court could sentence her to the maximum sentence on each count. See id. at 20–21. Marrero also swore that no one threatened her or anyone else or forced her in any way to plead guilty. Id. at 21. Marrero also swore that she understood the plea agreement, had reviewed it with her lawyer, and understood the appellate waiver in the plea agreement. Id. at 21–23. Marrero also swore that she was satisfied with her lawyer's services in her case. See id. at 13–15. Marrero then pleaded guilty to counts one and four, and the government provided a factual basis for the plea. See id. at 24–29. The court then accepted Marrero's guilty plea. Id. at 29–31.

Marrero's sworn statements under oath at her Rule 11 proceeding bind her and defeat her claim of ineffective assistance of counsel concerning count four. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). The Rule 11 proceeding and the plea agreement confirm count four's validity in that the conspiracy took place both at Marrero's store and residence. See Plea Ag. [D.E. 38] ¶ 3(a); see also PSR ¶¶ 3–9; Sentencing Tr. at 27–29. Moreover, even if the firearm was registered and purchased before the conspiracy began, those facts are irrelevant to the elements of count four. Thus, the claim fails.

As for Marrero's claim that her appointed counsel at her federal sentencing had a conflict of

6

interest due to a flat fee that her state-court retained counsel charged her [D.E. 107-1, 107-2], Marrero's payment of a flat fee to two criminal defense attorneys to represent her in state court does not violate the Sixth Amendment. The record shows that those lawyers obtained dismissal of the state charges but could not represent Marrero in federal court due to a conflict of interest. See id. Those lawyers did not collect a fee from Marrero for any federal representation. See id. Instead, they assisted Marrero in receiving appointed counsel in her federal case, and counsel appointed to represent Marrero in her federal case did not have a conflict of interest and ably represented her in federal court. On this record, Marrero has not plausibly alleged a Sixth Amendment violation arising from the fee arrangement. See, e.g., Strickland, 466 U.S. at 688; Cuyler v. Sullivan, 446 U.S. 335, 349–50 (1980). Thus, the claim fails.

After reviewing the claims presented in Marrero's motions, the court finds that reasonable jurists would not find the court's treatment of Marrero's claims debatable or wrong and that the claims deserve no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

As for Marrero's motion under 18 U.S.C. § 3582 and Amendment 794, U.S.S.G. § 1B1.10(d) lists the amendments that receive retroactive application. See U.S.S.G. § 1B1.10(d). That list "does not include Amendment 794." United States v. Welch, No. 16-7670, 2017 WL 1241970, at *1 (4th Cir. Apr. 4, 2017) (per curiam) (unpublished); United States v. Brewton, No. 16-7709, 2017 WL 1242007, at *1 (4th Cir. Apr. 4, 2017) (per curiam) (unpublished). Thus, the court denies Marrero's motion under Amendment 794.

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 104], DISMISSES

7

Marrero's section 2255 motions [D.E. 95, 107], and DENIES a certificate of appealability. The court also DENIES Marrero's motions to appoint counsel [D.E. 69], to reduce sentence under Amendment 794 [D.E. 100], to extend time [D.E. 101], and to consolidate [D.E. 108].

SO ORDERED. This 27 day of July 2017.

JAMES C. DEVER III
Chief United States District Judge